# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTI STRINGER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 20-1014-JWL |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMPORANDUM AND ORDER

This case is before the court on the Commissioner's unopposed motion to reverse and remand and for entry of final judgment. (Doc. 9).

The Commissioner's motion must be denied because it seeks relief the court is without jurisdiction to provide. The court's jurisdiction and its review of a decision of the Commissioner are guided and limited by the Social Security Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)). 42 U.S.C. § 405(g) is the sole basis for this court's jurisdiction in a Social Security case. Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998). Section 405(g) of the Act provides for review of a final decision of the Commissioner, made after a hearing in

which the Plaintiff was a party. As the Commissioner's motion acknowledges, sentence four of 42 U.S.C. § 405(g) provides, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, the Commissioner has neither answered Plaintiff's Complaint nor filed the transcript of the record in this case. Consequently, the court is without jurisdiction to remand this case and enter final judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Sentence six of 42 U.S.C. § 405(g) contemplates a case in the position of this case. "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). However, the Supreme Court has explained the difference between remand pursuant to sentence four and remand pursuant to sentence six of § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). A sentence four remand terminates the civil action and makes a subsequent judicial review <u>a separate piece of litigation</u>, whereas in a sentence six remand the district court retains jurisdiction pending completion of the agency proceedings. <u>Id.</u>, 509 U.S. at 299-300, 301. The Court held, therefore, that a sentence four remand is a "final judgment" for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), and stated "the sentence-four,

sentence-six distinction is crucial to the structure of judicial review established under § 405(g)." Id., 509 U.S. at 300-01.

The Commissioner has not sought, nor has Plaintiff agreed to a sentence six remand. In fact, the Commissioner has specifically requested a sentence four remand which the court is without jurisdiction to grant. Therefore, the motion must be denied. The Commissioner or the parties may then determine how to proceed in this case, either answer the Complaint and seek a sentence four remand or seek a sentence six remand.

**IT IS THEREFORE ORDERED** that the Commissioner's unopposed motion for sentence four remand (Doc. 9) is DENIED.

Copies of this order shall be provided to counsel of record for the parties.

Dated March 24, 2020, at Kansas City, Kansas.

s:/   John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**